Entered on Docket
July 19, 2017
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: July 19, 2017



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                ) Bankruptcy Case
                                     ) No. 15-30912DM
DOORMAN PROPERTY MAINTENANCE,        )
fka Doorman Property Management,     ) Chapter 7
                                     )
                    Debtor.          )
_____)
```

MEMORANDUM DECISION REGARDING MOTION FOR RECONSIDERATION
OF ORDER AFTER TRIAL ON OBJECTION TO CLAIM NO. 18

I. Introduction

On July 16, 2015, "Doorman Property Management DBA Doorman; DBA Doorman Property Maintenance" filed a voluntary petition with two different Employer Identification Numbers, one for a corporation and another for a partnership.  On August 25, 2015, the chapter 7 trustee filed a notice of possible dividends and the debtor thereafter filed an amended petition identifying itself as "Doorman Property Maintenance, a CA S Corp FKA Doorman Property Management, a CA S Corp." *See* Amended Voluntary Petition at Dkt. No. 13.  Attached to that amended petition is a declaration of the debtor's designated individual acting as the "Authorized Signer for Doorman Property Management," stating:

> On July 16, 2015, Doorman Property Management . . . filed a Chapter 7 Petition.  In the originally filed

-1-

> Voluntary Petition, Debtor incorrectly listed the EIN of the Doorman Property Management Partnership. . . . Debtor had intended to file the instant Chapter 7 for the California Corporation and not a General Partnership. Therefore, Debtor now amends the Voluntary Petition deleting the EIN of the Doorman Property Management Partnership.
>
> Further, in the originally filed Voluntary Petition, Debtor inadvertently and incorrectly listed "Doorman Property Management" as the name of the filing Debtor instead of "Doorman Property Maintenance, a CA SCorp." Debtor now amends the Voluntary Petition to list "Doorman Property Maintenance, a CA SCorp. formerly known as Doorman Property Management, a CA S Corp." as the filing name of the Debtor.

*Amended Voluntary Petition* at Dkt. No. 13-1. Three days later, the trustee filed a notice regarding the potential liability of individual partners.

In March 2016, the trustee filed a hotly contested motion to substantively consolidate Doorman Property Management, a general partnership, with this bankruptcy estate. *See Motion for Order Substantively Consolidating Estates* at Dkt. No. 29. On April 13, 2016, the court entered an order partially granting the motion, retroactive to the petition date, "insofar as the Trustee sought to consolidate substantively Doorman Property Management, a general partnership, with Doorman Property Management, a corporation[.]" *See Order Granting in Part and Deferring in Part Motion for Substantive Consolidation* at Dkt. No. 49. That order was not appealed.

To the extent debts are those of the partnership instead of the corporation, the trustee is seeking to recover any deficiency from the individual partners under 11 U.S.C. § 723. To minimize any deficiency and thus their liability, the partners have objected to various claims, including the one at issue here.

Following a trial, the court allowed the claim filed by claimant FS Partnership/Fulton House LLC ("Claimant") and held that a portion of the allowed amount was a liability of the partnership. The partners Nicholas Kraemer ("Kraemer") and Barret Raftery ("Raftery"), as well as Doorman Property Management, Inc. (collectively, "Movants"), have filed a motion for reconsideration of the court's determination of partnership liability. For the reasons set forth below, the court is denying the motion.

II. <u>Discussion</u>

    *A.   Procedural History*

On November 11, 2015, Claimant filed a proof of claim (Claim No. 18) in the amount of $310,000.00. Movants filed their objection to Claim No. 18 on May 10, 2016 (Dkt. No. 62). To support their standing to object, Kraemer and Raftery noted that disallowance of Claimant's $310,000 claim would decrease their liabilities as partners under 11 U.S.C. § 723 by $300,000. *Id.* at 3:5-13. The Objection does not contend that any portion of Claimant's claim is solely that of the corporation. Moreover, the Objection refers several times to the debtor's position without clarifying whether it was the partnership or the corporate debtor.

The court held a trial on January 10, 2017, and thereafter issued an oral ruling allowing the claim in the amount of $286,896 and concluding that $186,896 of that amount was a liability of the partnership. The court entered an order to that effect on April 25, 2017 (Dkt. No. 137). Even though the Objection did not contend that any portion of claim was solely a corporate debt, Movants filed the motion for reconsideration of the court's apportionment of the liability to the partnership on May 9, 2017.

*B.  Governing Standards*

As acknowledged by Movants in their memorandum of points and authorities in support of reconsideration (Dkt. No. 140 at 6:6-10), Federal Rule of Bankruptcy Procedure 9023 ("Rule 9023") and Federal Rule of Civil Procedure 59(e) ("Rule 59") govern resolution of their motion.  The Ninth Circuit has described the circumstances justifying relief under Rule 59: (1) where the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) where the motion is necessary to present newly discovered or previously unavailable evidence; (3) where the motion is necessary to prevent manifest injustice; and (4) where the amendment is justified by an intervening change in controlling law.  *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Movants have not demonstrated the existence of any of these circumstances.

Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Although Rule 59(e) permits a bankruptcy court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

As the current motion does not involve newly discovered evidence or an intervening change in law, the court should grant the relief sought only if it committed clear error or if

reconsideration is necessary to prevent manifest injustice.  For
the reasons set forth below, no clear error or manifest justice
exists here and the motion for reconsideration will be denied.

   *C. Analysis*

On January 1, 2011, Kraemer and Raftery formed a California
general partnership named "Doorman Property Management" of which
they were both general partners.  *Declaration of Nicholas Kraemer
in Support of Motion for Reconsideration*, Dkt. No. 142, at ¶ 6.
Kraemer states the partnership was "abandoned" on May 13, 2013,
and a California S corporation was formed.  *Id.*  On the same day,
Doorman Property Management filed with the California Secretary of
State its Articles of Incorporation of a General Stock
Corporation."  *Id.* at Exh. 1.  The entity is simply identified as
Doorman Property Management without an "Inc." or "Corp." as part
of the name.  *Id.*

   On October 27, 2014, Doorman Property Management
("Management") filed a notice of amendment of its articles of
incorporation to change the corporate name to "Doorman Property
Maintenance" ("Maintenance").[1]  *Id.* at Exh. 2.  The record does
not reflect any notification by Management to parties doing
business with Doorman of the "abandonment" of the partnership.

   Claimant and Management entered into a business relationship
prior to 2012, the year before Management filed articles of
incorporation.  Claimant's trial Exhibit 1 reflects multiple wire
transfers made on behalf of Claimant to Management in November and

---

[1] "The court will refer to Management and Maintenance collectively as "Doorman."

Case: 15-30912    Doc# 155    Filed: 07/19/17    Entered: 07/19/17 14:48:53    Page 5 of 9

December 2012.  *See* Claimant's trial Exhibit 1.  Such wire transfers continued through at least 2013, the year that Doorman filed articles of incorporation.  On July 17, 2014, Kraemer as the "Authorized Doorman Representative" of Maintenance and Claimant signed a "Terms and Conditions" agreement regarding a job located at 1000 Fulton Street in San Francisco; Claimant executed that agreement on August 23, 2014.  *See* Claimant's trial Exhibit 2.  Even though the letterhead reflects Maintenance as the contracting party, enumerated paragraph 2 provided that Claimant was to make payments to Management.  *Id.*  The document does not identify either entity as a corporation.  Similarly, as noted above, the signature line is devoid of any designation of Doorman's business structure (corporation vs. partnership).

In January 2015, Claimant and Management (<u>not</u> Maintenance, which purportedly became the operative name as of October 27, 2014) entered into a Second Amendment to Modify Contract and to Modify Agreement for Release of Escrow Funds Due to Change Order.  As provided in the other contracts, Claimant was to make payments to Management, not Maintenance.  Nothing in the Agreement indicated that Management or Maintenance was a corporation, although Rafferty signed it as "CFO, Doorman Property Management."  The signature block indicates that a non-individual counter-party was to state whether it is a corporation or partnership.  Raftery made no such identification with respect to Doorman.

On February 26, 2015, "Doorman Property Maintenance and Doorman Property Management Inc." as "S Corporations in California" executed a promissory note in favor of Claimant in the amount of $25,000 to the order of Claimant.  *Claimant's Trial*

*Exhibit 5.* On the same date, the same entities (absent the "S" corporation identification) executed a demand promissory note (dated February 1, 2015) in the amount of $75,000 to the order of Claimant. *Claimant's Trial Exhibit 6.* Rafferty signed both notes as "CFO Doorman Property Management." Based on the record presented to the court, this is the first time that Doorman signed a document identifying itself as a corporation.

Even though Raftery, Kraemer and Doorman had not contended that the two promissory notes were the sole obligations of the corporation, the court nonetheless sua sponte determined that amounts due under each constituted corporate debt and not partnership debt. Only after the court announced that determination at the oral ruling did counsel for Movants assert that other obligations constituted corporate debt. Not only was this contention untimely, it is not supported by the record, as discussed below.

In support of the underlying motion for reconsideration, Raftery signed a declaration indicating that a principal (David Pierce Jones) of Claimant advised him how to form a corporation and "knew explicitly about the Debtor [M]aintenance [C]orporation and that he was hiring that entity for his construction projects." *Declaration of Barrett Raftery in Support of Motion for Reconsideration*, Dkt. 141, ¶¶ 8-10. Claimant did not offer any evidence disputing this allegation in response to the motion for reconsideration.

The evidence shows, and the court found, that Doorman was a partnership at the time it commenced business with Claimant in 2012. However, at the time of the execution of the underlying

Case: 15-30912    Doc# 155    Filed: 07/19/17    Entered: 07/19/17 14:48:53    Page 7 of 9

contracts with Claimant in 2014 and 2015, Management had filed its articles of incorporation and had allegedly "abandoned" the partnership (see Kraemer's declaration at Dkt. No. 142, at ¶ 6.). That said, the evidence produced by the parties belies any such claim of an abandonment of the partnership. The various agreements and contracts -- apart from the February 2015 promissory notes -- show Doorman continued its operations with Claimant as "Maintenance" or "Management" or both, without any written identification or acknowledgment of a corporate form.

Raftery's declaration that a principal of Claimant knew that Doorman had incorporated, had advised him how to incorporate, and knew that Doorman was acting as a corporation is not material, as the contracts between the parties reflect the same "business as usual" without a written acknowledgment of the difference in Doorman's business form. This is significant, as Claimant would have had fewer options for recovery from a corporation instead of a partnership, unless it had obtained guaranties from the corporate officers. In contrast, when signing the promissory note in 2015, Raftery and Kraemer clearly acted on behalf of the corporate debtors. They did not do so otherwise.

Assuming *arguendo* that partnership was "abandoned" when the articles of incorporation were recorded, Doorman has not demonstrated that the partnership was dissolved and a winding up completed in accordance with Chapter 5 of California Revised Uniform Partnership Act of 1994 ("RUPA"). And even if a dissolution had occurred, the dissolution and right to wind up partnership business would have been waived by Doorman continuing to "carrying on its business as if dissolution had never

Case: 15-30912    Doc# 155    Filed: 07/19/17    Entered: 07/19/17 14:48:53    Page 8 of 9

occurred." RUPA § 16802(b)(1). The court therefore rejects Doorman's contention that the act of filing articles of incorporation, without more, terminated partnership liability as to the underlying transactions apart from the promissory note. The court will deny the motion for reconsideration

As discussed above, this motion for reconsideration does not involve allegations of newly discovered evidence or an intervening change in governing law. Rather, at the time the court made its post-trial ruling, counsel conceded that he could have been more specific in contending and establishing the debt was corporate in nature. As Movants have not demonstrated that the court made manifest errors of fact and law in ruling on the claim objection, or that manifest injustice resulted from it, no grounds exist for reconsideration. The court will therefore deny the motion.

IV. Conclusion

Counsel for Claimant should upload an order denying the motion for reconsideration for the reasons set forth in this memorandum decision. It should also file a certificate of service demonstrating compliance with B.L.R. 9021-1(c), unless counsel for Doorman consents to the form of the order.

*** END OF MEMORANDUM DECISION **

Case: 15-30912    Doc# 155    Filed: 07/19/17    Entered: 07/19/17 14:48:53    Page 9 of 9